UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Cause No. P-18-M-1511 (1) |
| § | |
| GABINO CASTILLO-TRUJILLO § | |

## PROBABLE CAUSE FINDING AND ORDER OF DETENTION PENDING TRIAL
*(risk of flight and danger to community)*

### PROBABLE CAUSE FINDING

The Defendant stands charged by complaint with a violation of 18 U.S.C. § 1326 – **illegal entry after deportation.** Under the provisions of Rule 5.1, Fed. R. Crim. P., it appears there is probable cause to believe that an offense has been committed and that the Defendant committed the offense as alleged. The Government has shown the necessary probable cause to get the case before the Federal Grand Jury.

### DETENTION ORDER

The Government moved to detain the Defendant on the basis of Title 18, U.S.C. § 3142. In accordance with the Bail Reform Act, 18, U.S.C. § 3142 (f), a detention hearing has been held. I conclude that detention of the Defendant is required pending trial in this case for the following reason(s):

### FINDINGS RELATED TO DETENTION

1) The evidence and punishment range against the Defendant are substantial.

2) The Court took judicial notice of the Complaint, Affidavit in support of the Complaint, and the Pretrial Services Report. Agent Sergio Nava with U.S. Customs and Border Patrol Prosecutions testified concerning the facts outlined in the complaint.

3) The Defendant does not possess any documentation allowing legal residence in the United States.

4) The Defendant's criminal history is attached to this Order.

The Court finds there is no condition or combination of conditions which would reasonably assure the appearance of the Defendant as required and the safety of the community, taking into account all the available information presented to the Court. There is clear and convincing evidence that the Defendant is a danger to the community as well as a preponderance of the evidence which indicates that the Defendant is a risk of flight. Therefore, the Defendant is **DETAINED.**

1

## DIRECTIONS REGARDING DETENTION

In light of the findings and reasons set forth above, it is **ORDERED** that:

1)  The Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal during the time he awaits trial;

2)  The Defendant be afforded opportunity for private consultation with his counsel during this period in detention;

3)  The facility where the Defendant will be placed shall make the Defendant available to the United States Marshals Service for any appearance in connection with a Court proceeding in this matter; and,

4)  In the event of an appeal of this detention order, the Pretrial Services' Report shall be sealed and made part of the record in this cause.

It is so **ORDERED**.

**SIGNED** this 10th day of May, 2018.

DAVID FANNIN
UNITED STATES MAGISTRATE JUDGE

**PRIOR RECORD:**

A criminal record check conducted through the National Crime Information Center (NCIC) and local records revealed the following arrest history.

| Date of Arrest | Agency | Charge | Disposition |
|---|---|---|---|
| 11/15/1997 (Age 31) | U.S. District Court-WD/TX; Pecos, TX; Case No.: 4:97CR230-1 | Marijuana-Importation Exportation | 11/15/1997: Convicted, 26 months prison, 36 months TSR |

| | | | |
|---|---|---|---|
| 09/03/2011 (Age 44) | Oklahoma City; OK | Possession of a Controlled Substance | 02/27/2012: Convicted, 5 years confinement, suspended |

| | | | |
|---|---|---|---|
| 05/04/2012 (Age 45) | ICE Office of Inv; OK | Illegal Entry | Unknown |